UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA LOGAN-LARACUENTE, ) | 1:07-cv-983-SMS |
| ) | |
| Plaintiff, ) | ORDER TO DEFENDANT TO FILE WITHIN |
| v. ) | FIFTEEN DAYS AFTER SERVICE OF |
| ) | THIS ORDER A TIMELY BRIEF, OR, IN |
| MICHAEL J. ASTRUE, ) | THE ALTERNATIVE, TO SHOW CAUSE IN |
| Commissioner of Social ) | WRITING WHY SANCTIONS SHOULD NOT |
| Security, ) | BE IMPOSED FOR DEFENDANT'S |
| ) | FAILURE TO COMPLY WITH AN ORDER |
| Defendant. ) | OF THE COURT (DOC. 4) |
| ) | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying an application for benefits. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1), and the matter has been assigned to the Magistrate Judge to conduct all further proceedings in this case, including entry of final judgment.

Plaintiff filed her complaint on July 9, 2007; on July 10, 2007, the Court served the parties with a scheduling order in which the Court ordered that Defendant's brief was due thirty days after service of Plaintiff's brief. Plaintiff's brief was

1  filed on March 17, 2008, and was electronically served on the
2  same date. Thus, Defendant's brief was due no later than April
3  18, 2008. However, over ten days have passed since the due date,
4  but no brief has been filed; further, no request for an extension
5  of time has been filed.
6        A failure to comply with an order of the Court may result in
7  sanctions, including dismissal, pursuant to the inherent power of
8  the Court or the Federal Rules of Civil Procedure. Fed. R. Civ.
9  P. 41(b), 11; Local Rule 11-110; Chambers v. NASCO, Inc., 501
10 U.S. 31, 42-43 (1991).
11       Further, a Court may impose monetary sanctions, payable to
12 the Court, in the nature of a fine pursuant to the Court's
13 inherent powers where the Court finds that the offending conduct
14 was undertaken in bad faith. Zambrano v. City of Tustin, 885 F.2d
15 1473, 1478 (9th Cir. 1989). Monetary sanctions may be imposed for
16 violation of a local rule upon a finding of conduct amounting to
17 recklessness, gross negligence, or repeated unintentional
18 flouting of court rules. Id. at 1480. Sanctions should not be
19 imposed without giving counsel notice and an opportunity to be
20 heard. Miranda v. Southern Pacific Transp. Co., 710 F.2d 516,
21 522-23 (9th Cir. 1983).
22       Further, 28 U.S.C. § 1927 provides:
23       Any attorney or other person admitted to conduct
         cases in any court of the United States or Territory
24       thereof who so multiplies the proceedings in any
         case unreasonably and vexatiously may be required
25       by the court to satisfy personally the excess costs,
         expenses, and attorneys' fees reasonably incurred
26       because of such conduct.
27 For action to be considered unreasonable and vexatious, it must
28 involve bad faith, improper motive, or reckless disregard of the

2

duty owed to the Court. Edwards v. General Motors Corp., 153 F.3d 242, 246 (5th Cir. 1998); New Alaska Development Corp. v. Guetschow, 869 F.2d 1298, 1306 (9th Cir. 1989). The imposition of sanctions under § 1927 requires a finding of bad faith; an attorney's bad faith is assessed under a subjective standard, pursuant to which either knowing or reckless conduct is sufficient. Pacific Harbor Capital, Inc. v. Carnival Air Lines, 210 F.3d 1112, 1118 (9th Cir. 2000). An attorney subject to sanctions pursuant to § 1927 is entitled to notice and an opportunity to be heard by way of briefing, but no oral or evidentiary hearing is required. Pacific Harbor Capital, Inc. v. Carnival Air Lines, 210 F.3d at 1118.

Accordingly, it is HEREBY ORDERED that:

1. Within fifteen (15) days of the date of service of this order, Defendant shall file a timely Defendant's brief, or, in the alternative, shall show cause in writing why Defendant should not be sanctioned for failure to file a timely opening brief pursuant to the Court's scheduling order and for failure to obey the Court's order; Defendant shall show cause in writing because the Court has determined that at this stage of the proceedings, no hearing is necessary; and

2. Defendant is informed that the failure to respond to this order will result in consideration of additional sanctions.

IT IS SO ORDERED.

**Dated:    April 30, 2008**              /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE

3