UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BARBARA LOGAN-LARACUENTE, | ) | 1:07-cv-983-SMS |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S |
| v. | ) | APPLICATION FOR ATTORNEY'S FEES |
| | ) | (DOC. 27) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff is represented by counsel and proceeded with an action in which the Court reviewed a final decision of the Commissioner of Social Security (Commissioner) and, by judgment entered on October 7, 2008, ordered the matter remanded pursuant to sentence four of 42 U.S.C. §405(g) for further administrative proceedings. The matter is before the Magistrate Judge because both parties have consented to the Magistrate's jurisdiction to conduct all proceedings, including ordering the entry of judgment.

I. Introduction

The matter is currently before the Court on Plaintiff's motion for attorney's fees and costs, filed on January 4, 2009,

along with several declarations of counsel, itemizations of work performed, a copy of an assignment of fees from Plaintiff to counsel Ann M. Cerney, a memorandum of law, and a certificate of service. Defendant filed opposition to the motion on January 23, 2009. Plaintiff filed a reply on February 13, 2009, which included a supplemental declaration and legal argument responsive to Defendant's opposition.

Defendant's only contentions concern the reasonableness of the requested fees.

II. Analysis

A. Sufficiency of the Motion

With respect to fees awarded under the EAJA, 28 U.S.C. § 2412(d)(1)(A) provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

It appears that the petition was filed within thirty days of the judgment becoming final and thus is timely pursuant to § 2412(d)(1)(B). Melkonyan v. Sullivan, 501 U.S. 89, 94-96 (1991).

Further, the petition is adequate on its face because it meets the requirements of § 2412(d)(1)(B), which requires in addition to timely presentation that the petition 1) show a) that Plaintiff was the prevailing party, b) that Plaintiff was eligible to receive an award under the subsection, and c) the amount sought, including an itemized statement from any attorney

2

or expert witness representing or appearing on behalf of the
party stating the actual time expended and the rate at which fees
and other expenses were computed; and 2) allege that the position
of the United States was not substantially justified.

### B. Prevailing Party and Substantial Justification

In its twenty-four page ruling on the complaint, this Court
determined that the ALJ made findings that were in part
inconsistent with even the opinions which the ALJ had credited,
failed to address and state reasons concerning the treatment of
inconsistent restrictions of a treating physician, and failed to
state adequate reasons for selectively crediting and discrediting
portions of the opinions of examining and non-examining
consultants. The Court remanded the case with directions that the
ALJ state reasons for his treatment of expert opinions and
continue the sequential analysis to determine if Plaintiff could
perform past relevant work or other work existing in sufficient
quantity in the economy.

In short, Plaintiff's counsel identified multiple errors
that had been made by the ALJ whose decision was reviewed by the
Court, and Plaintiff prevailed on multiple issues. Plaintiff was
a prevailing party.

Defendant does not concede either that Plaintiff was a
prevailing party or that the government's position in the
underlying case was not substantially justified. However,
Defendant raises no issues regarding either Plaintiff's status as
a prevailing party or the government's position not being
substantially justified.

To show substantial justification for conduct, the

3

Commissioner has the burden of establishing that the conduct had a reasonable basis both in law and fact based on the record of both the underlying government conduct at issue and the totality of circumstances present before and during litigation. <u>Sampson v. Chater</u>, 103 F.3d 918, 921 (9th Cir. 1996). A finding that an agency's position was substantially justified when it was based on violations of the Constitution, federal statute, or the agency's own regulations, constitutes an abuse of discretion. <u>Id.</u> In this case, the Commissioner has not established a reasonable basis in fact or in law with regard to its errors. It is concluded that the United States has not shown that its position was substantially justified.

Further, the Court is aware of no evidence or circumstance that would constitute special circumstances such that an award would be unjust. The Court finds that there are no special circumstances such that an award would be unjust.

C. <u>Reasonableness of Hours Requested</u>

Plaintiff's counsel seeks a total of $5,973.83 for 41.2 hours of work at $166.46 per hour for 2007, and at $175.67 per hour for work performed in 2008. Counsel, who did not represent Plaintiff at the administrative level, filed an eighteen-page brief containing full statements of the case and of the facts as well as factually detailed argument.

Defendant does not contest the hourly rates claimed by Plaintiff.[1] However, Defendant does dispute the reasonableness of

---

[1]Pursuant to 28 § 2412(d)(2)(A), the hourly rate is fixed by statute but is subject to adjustment if the cost of living or a special factor justifies a higher fee.

4

1 some of the hours billed. Defendant relies on Hensley v.
2 Eckerhart, 461 U.S. 424, 434 (1983) for the proposition that fees
3 awarded pursuant to any fee-shifting statute must be shown to be
4 reasonable by the applicant, who bears the burden of proof of
5 reasonableness as to the number of hours and hourly rate;
6 further, only hours properly billed to one's client may be billed
7 to one' adversary, and hours that are excessive, redundant, or
8 otherwise unnecessary should be excluded from a claim.

9 1. Legal Standards

10 Attorneys' fees under the EAJA must be reasonable. 28 U.S.C.
11 § 2412(d)(1)(A); Perez-Arellano v. Smith, 279 F.3d 791, 794 99th
12 Cir. 2002). The Court generally starts with the number of hours
13 reasonably expended on the litigation multiplied by a reasonable
14 hourly rate. Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001)
15 (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). A court
16 should provide a concise and clear explanation of the reasons for
17 the fee award made. Hensley v. Eckerhart, 461 U.S. at 437. A
18 court has wide latitude in determining the number of hours
19 reasonably expended and may reduce the hours if the time claimed
20 is excessive, redundant, or otherwise unnecessary. Cunningham v.
21 County of Los Angeles, 879 F.2d 481, 484 (9th Cir. 1988). Fees for
22 paralegal services customarily billed to a client are recoverable
23 under the EAJA. Richlin Security Service Co. v. Chertoff, 128
24 S.Ct. 2007, 2019 (2008). However, purely clerical or secretarial
25 tasks that require no legal skill or training, such as converting
26 pleadings to PDF, faxing and mailing, updating lists and
27 calendars, and filing or e-filing documents, should not be billed
28 at a paralegal rate regardless of who performs them. Spegon v.

5

1  <u>Catholic Bishop of Chicago</u>, 175 F.3d 544, 553 (7th Cir. 1999);

2  <u>Sorenson v. Concannon</u>, 161 F.Supp.2d 1164, 1168-69 (D.Ore. 2001);

3  <u>see</u>, <u>Missouri v. Jenkins</u>, 491 U.S. 274, 288 n. 10 (1989) (§

4  1988). However, preparing and reviewing court documents are tasks

5  that are routinely performed by an attorney. <u>Williams v. Apfel</u>,

6  2000 WL 684259, *2 (S.D.Ind. 2000) (properly recoverable legal

7  services included preparing the complaint and return of service

8  and reviewing the answer and court orders). Secretarial and

9  overhead expenses are customarily included in an attorney's

10  hourly rates. <u>Wilkett v. I.C.C.</u>, 844 F.2d 867, 875 n. 6 (C.A.D.C.

11  1988).

12  2. <u>Hours of Ann M. Cerney</u>

13  Defendant argues that Ann M. Cerney, Plaintiff's counsel of

14  record, is not entitled to compensation for hours spent in

15  performing tasks which Defendant claims are clerical in nature.

16  It appears that one attorney from Florida, Sarah Bohr,

17  drafted the brief; then attorney Ann Cerney reviewed the

18  documents, signed the briefs, and submitted them.

19  Defendant argues that alleged clerical work in 2007 and 2008

20  included reviewing a scheduling order, summons, instructions,

21  instructions regarding consent to jurisdiction, an order of

22  reassignment and consent order reassigning case, a designation of

23  counsel for service, a minute order and instruction, an order

24  regarding a brief, a response to an order to show cause and

25  opposition, an order discharging an order to show cause, and the

26  order and judgment granting Plaintiff's motion, including

27  notifying the claimant and further instructions.

28  Although the orders and instructions in part may have

6

related to matters that were to some extent administrative in
character, an attorney's review of documents and determination of
action to be undertaken with respect to every document are not
tasks typically performed by clerical staff; the attorney is
responsible for seeing that the work in question was and will be
performed correctly. <u>Williams v. Apfel</u>, 2000 WL 684259, *2
(S.D.Ind. 2000). As Plaintiff's counsel points out, a decision
regarding consent to Magistrate Judge jurisdiction is not a
matter for a secretary to decide. Where, as here, there is no
indication of any duplication of work, and where the total amount
of time spent was reasonable, the Court is satisfied with
counsel's showing.

Defendant also challenges as clerical Cerney's entries for
November 29, 2007, for receiving and reviewing the transcript and
doing preliminary notes and research, and instructions regarding
the briefing schedule, and for March 14, 2008, for Cerney's
review of the motion for summary judgment, and giving
instructions about filing. Review of the record was necessary
because counsel did not represent Plaintiff at the administrative
level, and it is counsel's decision as to what issues to raise
and brief on the merits. Numerous rules, scheduling orders, and
legal principles govern the substance and procedural handling of
motions for summary judgment or briefs; it is predictable and
appropriate that counsel must review and exercise judgment
concerning the contents and procedures undertaken with respect to
the merits of the case. The Court concludes that the tasks in
question are not simply clerical tasks but rather are the types
of tasks routinely performed by counsel and billed to the client,

1   and thus they are compensable in this motion proceeding.

2   ### 3. Hours of Sarah H. Bohr

3       Defendant argues that of the two hours billed by Ms. Bohr

4   to complete the EAJA petition presently under review, only one

5   hour was reasonably expended because Plaintiff's counsel spent

6   too much time briefing whether the position of the government was

7   substantially justified. Defendant argues that because it is the

8   Commissioner's burden to provide substantial justification, the

9   petition was "unnecessarily detailed," (Doc. 28 p. 4), and only

10  one hour should be allotted to the preparation of the petition

11  for fees.

12      There is no basis for concluding that the treatment of the

13  issue of the government's lack of substantial justification set

14  forth in the petition took one hour to complete; indeed, the text

15  concerning the issue took up about two pages and consisted of a

16  statement of the legal standards and a description of the

17  substance of Plaintiff's arguments on the merits of the case and

18  the Court's rulings.

19      Viewing the petition as a whole, the Court finds logical and

20  correct Plaintiff's counsel's assertions in the reply that

21  preparation of a petition includes review of all time records,

22  review of the docket sheet, exercise of billing judgment to

23  reduce any time that is apparently excessive, computation of time

24  on a yearly basis (or review of another's computation from rough

25  data for accuracy), and conforming the fee petition and

26  memorandum template to the facts of each case. The matter in

27  counsel's petition that related to the merits of the instant case

28  was likewise helpful because it refreshed the Court's awareness

of the nature and extent of the issues in dispute and its judgment concerning the work done by counsel on the case. Expenditure of two hours to produce the seven-page petition and all its itemized contents was reasonable.

Likewise, billing for two hours to research and prepare the reply is reasonable under the circumstances and merits compensation. Commissioner of I.N.S. v. Jean, 496 U.S 154, 160-66 (1990).

D. Costs

Plaintiff requests $350.00 in costs that apparently represent the filing fee paid by Plaintiff. (Docs. 2-3.) Defendant has no objection to Plaintiff's request for separate costs. (Doc. 28 p. 4.)

Title 28 § 2412(a)(1) provides in pertinent part:

Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

Title 28 U.S.C. § 1920(1) provides that the fees of the clerk may be taxed as costs. Accordingly, Plaintiff is entitled to $350.00 in costs.

Further, Plaintiff asks that the award be made directly to counsel because of an assignment of the right to fees that was attached to the petition. (Doc. 27-2.) Defendants do not object to the award's being made to Plaintiff's counsel directly.

9

1   Therefore, in light of the undisputed assignment and the lack of
2   objection of Defendant, the award will be made to Plaintiff's
3   counsel.

4        The Court is aware of the generalized scarcity of resources
5   in governmental offices due to budgetary limitations imposed
6   because of economics. The Court wonders that the government's
7   counsel in Social Security cases appear singularly to enjoy the
8   luxury of resources sufficiently ample to support engaging in
9   nitpicking over claims for attorneys fees for matters so clearly
10  reasonable and within the mainstream of counsel's
11  responsibilities as the tasks sought in the instant motion by
12  members of the plaintiffs' Social Security bar. The Court does
13  not share the apparent surfeit of resources. Further, the Court
14  will not lightly undertake assumptions which are essentially
15  inconsistent with the canons of ethics, Rule 11, and common
16  sense.

17       III. <u>Disposition</u>

18       Accordingly, it IS ORDERED that

19       1) Plaintiff's petition for attorney's fees IS GRANTED; and

20       2) The Court APPROVES an award of $5,973.83 in attorney's
21  fees and costs in the amount of $350.00, to be awarded directly
22  to Plaintiff's counsel of record.

23  IT IS SO ORDERED.

24  **Dated:    February 27, 2009**            **/s/ Sandra M. Snyder**
                                     UNITED STATES MAGISTRATE JUDGE

25

26

27

28